

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-30-2008

# Miles Lee v. Strada

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2274

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Miles Lee v. Strada" (2008). *2008 Decisions.* Paper 293.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/293

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-10                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-2274
_____

MILES ORLANDO LEE,
                                              Appellant

v.

Mr. STRADA; Mr. SHILO; Mr. ADAMI; Mr. RICE; Mr. ROGERS;
Mr. LOFTON; Mr. CHAMBERS; Mr. HOEKMAN

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 07-cv-0437)
District Judge:  Honorable John E. Jones III

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 17, 2008
Before: BARRY, AMBRO and SMITH, Circuit Judges

(Opinion filed: October 30, 2008)
_____

OPINION
_____

PER CURIAM

        Miles Orlando Lee, a federal prisoner proceeding pro se, appeals from the District

Court's order granting the defendants' motion for summary judgment.  For the reasons

that follow, we will summarily affirm the District Court's order.

This case arises from Lee's confinement at the United States Penitentiary at Lewisburg ("USP-Lewisburg") in Lewisburg, Pennsylvania.[1]  In March 2007, Lee commenced an action under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), in the United States District Court for the Middle District of Pennsylvania against several USP-Lewisburg employees (the "Federal Defendants").  In the complaint, Lee alleged, among other things, that he had been harassed for refusing to take part in a Food Services conspiracy, and that prison officials had physically and verbally assaulted him in retaliation for his failing to participate in the scheme.

The Federal Defendants filed a motion to dismiss, or, in the alternative, motion for summary judgment on the ground that Lee had not exhausted his administrative remedies prior to commencing the present action.  On November 27, 2007, Magistrate Judge Andrew Smyser recommended that the District Court grant the Federal Defendants' motion.  By order entered February 20, 2008, the District Court adopted the Magistrate Judge's report and recommendation over Lee's objections and granted summary judgment in favor of the Federal Defendants.  The present appeal followed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the District Court's order granting summary judgment to the

---

[1] Lee is no longer incarcerated at USP-Lewisburg; he is presently confined at the United States Penitentiary in Pollock, Louisiana.

appellees.  See Whitfield v. Radian Guar., Inc., 501 F.3d 262, 265 (3d Cir. 2007).  After a careful review of the record, we conclude that the appeal presents "no substantial question" under Third Circuit L.A.R. 27.4 and I.O.P. 10.6 and will, therefore, summarily affirm the District Court's order.

Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions.  See 42 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. 731, 741 (2001).  This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).

The Federal Bureau of Prisons ("BOP") has established an administrative remedy procedure through which an inmate can seek formal review of any complaint regarding any aspect of his imprisonment.  28 C.F.R. § 542.10.  In order to exhaust an appeal under the administrative remedy process, an inmate must first raise his complaint with his unit team through an informal resolution attempt.  Id. at § 542.13.  If the concern is not informally resolved, the inmate may file an appeal to the warden of the institution where he is confined.  Id. at § 542.14.  The inmate must then further appeal an adverse decision to the Regional Director and then to the Central Office of the Federal Bureau of Prisons.  Id. at § 542.15.  No administrative grievance is considered to have been fully and finally

exhausted until denied by the Bureau of Prisons's Central Office. Id. at § 542.15(a).

Upon review of the record, we agree with the District Court that summary judgment was appropriate because the record revealed that Lee did not properly exhaust his administrative remedies. In support of its summary judgment motion, the Federal Defendants submitted a declaration on behalf of L. Cunningham, the Supervisory Attorney at USP-Lewisburg. In her declaration, Cunningham stated that Lee had filed five requests for administrative relief to the Warden at USP-Lewisburg. The Warden granted one of the requests but denied the rest. According to Cunningham, Lee did not appeal any of the decisions denying relief to the second or third stages of administrative review. Lee failed to come forward with any evidence to rebut the Federal Defendants' assertions. Therefore, the District Court properly granted summary judgment in favor of the Federal Defendants. See Fed. R. Civ. Pro. 56(e).[2]

For the foregoing reasons, we will summarily affirm the District Court's order dismissing the complaint. See Third Cir. LAR 27.4 and I.O.P. 10.6.

---

[2]In its order awarding summary judgment to the Federal Defendants, the District Court also denied as moot Lee's outstanding motion for discovery. We see no error in the District Court's disposition of the discovery motion.

4